**2016-CV14354 - RANDY MCMAHAN V HAWKEYE HOTELS INC ET AL (E-CASE)**

| Case Header FV ade Views | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: [All Entries ▼]

---

**11/12/2020** ☐ **Cert Serv Answers Interrog Fil**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** DAVID ROY BUCHANAN
**On Behalf Of:** HAWKEYE HOTELS INC, FREEDOM LODGING LLC

**11/10/2020** ☐ **Order**
STIPULATED PROTECTIVE ORDER
☐ **Motion Granted/Sustained**
Associated Entries: 11/09/2020 - **Motion for Protective Order** ⊞

**11/09/2020** ☐ **Motion for Protective Order**
Joint Motion for Entry of Protective Order; Exhibit A; Electronic Filing Certificate of Service.
**Filed By:** DAVID ROY BUCHANAN
**On Behalf Of:** RANDY MCMAHAN, HAWKEYE HOTELS INC, FREEDOM LODGING LLC
**Associated Entries:** 11/10/2020 - Motion Granted/Sustained

**11/06/2020** ☐ **Order After Case Mgmt Conf**

**11/05/2020** ☐ **Cert Serv Req Prod Docs Things**
COS - First Discovery; Electronic Filing Certificate of Service.
**Filed By:** DAVID S LOCKETT
**On Behalf Of:** RANDY MCMAHAN

**10/21/2020** ☐ **Jury Trial Scheduled**
**Scheduled For:** 10/25/2021;  9:30 AM;  KENNETH R GARRETT III;  Jackson - Independence
☐ **Pre-trial Conference Scheduled**
**Scheduled For:** 10/12/2021;  3:00 PM;  KENNETH R GARRETT III;  Jackson - Independence
☐ **Hearing Held**
**Scheduled For:** 10/26/2020;  8:30 AM;  KENNETH R GARRETT III;  Jackson - Independence

**09/22/2020** ☐ **Cert Serv Req Prod Docs Things**
COS - First Discovery; Electronic Filing Certificate of Service.
**Filed By:** DAVID S LOCKETT
**On Behalf Of:** RANDY MCMAHAN

**09/11/2020** ☐ **Certificate of Service**

EXHIBIT A

Certificate of Service; Electronic Filing Certificate of Service.

    **Filed By:** DAVID ROY BUCHANAN

    **On Behalf Of:** HAWKEYE HOTELS INC, FREEDOM LODGING LLC

☐ **Answer Filed**

Hawkeye Hotel, Incs Answer and Affirmative Defenses to Plaintiffs Petition; Electronic Filing Certificate of Service.

    **Filed By:** DAVID ROY BUCHANAN

    **On Behalf Of:** HAWKEYE HOTELS INC

☐ **Amended Answer Filed**

Freedom Lodging, LLCs First Amended Answer and Affirmative Defenses to Plaintiffs Petition; Electronic Filing Certificate of Service.

    **Filed By:** DAVID ROY BUCHANAN

    **On Behalf Of:** FREEDOM LODGING LLC

**08/25/2020** ☐ **Answer Filed**

Freedom Lodging, LLCs Answer and Affirmative Defenses to Plaintiffs Petition; Electronic Filing Certificate of Service.

    **Filed By:** DAVID ROY BUCHANAN

    **On Behalf Of:** FREEDOM LODGING LLC

**08/17/2020** ☐ **Corporation Served**

Document ID - 20-SMOS-566; Served To - HAWKEYE HOTELS INC; Server - ; Served Date - 12-AUG-20; Served Time - 15:15:00; Service Type - Special Process Server; Reason Description - Served

☐ **Notice of Service**

Return of Service - Hawkeye Hotels; Electronic Filing Certificate of Service.

    **Filed By:** PATRICK F BOTTARO

    **On Behalf Of:** RANDY MCMAHAN

**08/03/2020** ☐ **Summons Issued-Circuit**

Document ID: 20-SMOS-566, for HAWKEYE HOTELS INC.

☐ **Summons Returned Non-Est**

Document ID - 20-SMOS-490; Served To - HAWKEYE HOTELS INC; Server - ; Served Date - 03-AUG-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Non-est

☐ **Alias Summons Requested**

Alias Summons Request - Hawkeye Hotels; Electronic Filing Certificate of Service.

    **Filed By:** DAVID S LOCKETT

    **On Behalf Of:** RANDY MCMAHAN

☐ **Notice of Service**

Non Est Return of Service - Hawkeye Hotels; Electronic Filing Certificate of Service.

    **Filed By:** DAVID S LOCKETT

    **On Behalf Of:** RANDY MCMAHAN

**07/31/2020** ☐ **Corporation Served**

Document ID - 20-SMCC-5462; Served To - FREEDOM LODGING LLC; Server - ROWE, TYLER A; Served Date - 27-JUL-20; Served Time - 12:00:00; Service Type - Civil Process Server; Reason Description - Served; Service Text - BY SERVING JODY MALLINSON - SALES MANAGER.

**07/10/2020** ☐ **Summons Issued-Circuit**

Document ID: 20-SMOS-490, for HAWKEYE HOTELS INC.

**07/09/2020** ☐ **Request Filed**

Request and Service - Freedom Lodging; Electronic Filing Certificate of Service.
    **Filed By:** DAVID S LOCKETT
    **On Behalf Of:** RANDY MCMAHAN

☐ **Request Filed**
Request and Service Instruction - Hawkeye Hotels; Electronic Filing Certificate of Service.
    **Filed By:** DAVID S LOCKETT

**07/07/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-5462, for FREEDOM LODGING LLC.

☐ **Case Mgmt Conf Scheduled**
    **Associated Entries: 10/21/2020 - Hearing Held**
    **Scheduled For:** 10/26/2020;  8:30 AM ;  KENNETH R GARRETT III;  Jackson - Independence

☐ **Judge Assigned**

**07/06/2020** ☐ **Filing Info Sheet eFiling**
    **Filed By:** DAVID S LOCKETT

☐ **Pet Filed in Circuit Ct**
PETITION.
    **On Behalf Of:** RANDY MCMAHAN

Electronically Filed - Jackson - Independence - July 06, 2020 - 02:09 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| Randy McMahan | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| Hawkeye Hotels, Inc., | ) | Division: TBD |
| Serve at RA: Balvant Patel, | ) | |
| N. Roosevelt Ave, Burlington, IA | ) | JURY TRIAL DEMANDED |
| 52601 | ) | |
| | ) | |
| Freedom Lodging, LLC | ) | |
| Serve RA: Ravi Patel, 19677 E Jackson | ) | |
| Dr, Independence, MO 64057. | ) | |
| | ) | |
| Defendants | ) | |

## PETITION FOR DAMAGES

**COMES NOW**, plaintiff, Randy McMahan ("***McMahan***"), by and through the
undersigned counsel, and for his claims against Defendant Hawkeye Hotels, Inc ("***Hawkeye***")
and Defendant Freedom Lodging, LLC ("***Freedom***") and states and alleges as follows:
(Collectively, "Defendants").

## PARTIES, VENUE, JURISDICTION

1. Plaintiff, Randy McMahan ("***Plaintiff***") is an individual who resides in Plainfield,
Illinois.

2. Freedom Lodging, LLC., is a Missouri Limited Liability Company that may be served at
the address set forth above.

3. Hawkeye Hotels, Inc., is an Iowa Corporation that may be served at the address set forth
above (collectively Hawkeye and Freedom, shall be referred to as "***Defendants***")

Electronically Filed - Jackson - Independence - July 06, 2020 - 02:09 PM

4. At all times relevant, Defendants owned, operated, managed and/or controlled the premises commonly known as Hilton Garden Inn, at Independence, located at 19677 E. Jackson Dr, Independence, Jackson County, Missouri (the "**_Hotel_**").

5. At all times relevant, Defendants have held Hotel out as a clean and safe hotel for families and business people at whom it targets its marketing efforts.

6. Jurisdiction over defendants is proper in this Court pursuant to R.S.Mo. 508.010.3 insofar as Defendants transact business in the State of Missouri, committed tortious acts in the State of Missouri, and/or own, Plaintiff was first injured in the State of Missouri, and Defendants use or possesses real estate in the State of Missouri.

<div align="center"><b>FACTS COMMON TO ALL COUNTS</b></div>

7. Plaintiff works for Burlington Northern Santa Fe Railway ("**_BNSF_**").

8. From time to time, Plaintiff travel on business for BNSF, during which times he is required to reside in Hotels.

9. In July 2019, he was required to work in Independence, Missouri, and needed hotel accommodation to do so.

10. Pursuant to standard employment practices, and BNSF's pre-arranged agreement with Hilton Garden Inn, BNSF booked him into the Hotel between July 29, 2019 and August 1, 2019.

11. Plaintiff checked into the Hotel on July, 29, 2010 and was notified that he would reside in Room No. 402 (the "**_Room_**")

12. On July 30, 2019, throughout the day Plaintiff noticed that he was itching in various location over his body, and that the itching was associated with red-raised bumps. He associated the itching and red bumps with mosquito bites.

13. Had he been informed that his injuries could be result of bed bugs, he would not have spent a second night in the Hotel or the Room.

14. However, at this time, he was unaware of the bed bug infestation in the Hotel at this time.

15. He returned to the Hotel on evening of July 30, 2019 and slept in the Room.

16. On July 31, 2019, he noticed that the "bites" he had previously noticed had gotten worse, that the itching was becoming "intense" and that the number of the "bites' was increasing every night.

17. Once again, after work he went back to the Room to sleep.

18. Before he went to sleep Plaintiff performed some internet research to determine the source of the "bites" he was continuing to suffer. At which time, he concluded that he was suffering injuries from bed bugs.

19. He contacted the Hotel Manager and expressed his concerns. Given Plaintiff's concern, the Hotel Manager offered him another room, but that room offered to him was filthy and uninhabitable.

20. He slept in the Room for the final time that night and woke up the following morning with more bites that continued to cause intense pain an itching that got worse throughout the day, and thereafter.

21. On this day, he asked to speak with a Manager. The front-desk clerk advised him that no Manager was available; hence, he showed the clerk the bites he had suffered. And demanded tha the Hotel clean his luggage and ship them to him in Illinois, so that he could avoid infecting the plane and his home with bed bugs.

22. He took photographs of the bites at that time. True and accurate copies of those photographs are provided as follows:

Electronically Filed - Jackson - Independence - July 06, 2020 - 02:09 PM



23. On August 8, 2019, the Hotel communicated with Plaintiff and informed him that it had taken the room out of service.

24. By this time, Plaintiff had approximately 21 bed-bug bites that continued to get worse:



25. Later in August, Plaintiff informed his employer of the bed bug infestation at the Hotel, and BNSF removed the Hotel from its internal booking system.

26. On August 9, 2019, Plaintiff received his luggage back from the Hotel. The contents of the luggage appeared to be have been hurriedly packed in the suitcase to get them out of the laundry before the contents infested the laundry. The returned clothes were wet, and did not appear to have been properly laundered.

Electronically Filed - Jackson - Independence - July 06, 2020 - 02:09 PM

27. Hence, Plaintiff destroyed the clothing and his suitcase to avoid infesting his home and family with bed bugs.

28. On August 10, 2019, the Hotel's Reservations agent communicated with Plaintiff and recognized the inconvenience that the bed bugs had caused him.

29. On August 15, 2019, the Hotel's General Manager notified Plaintiff that Orkin had properly treated the Room, and adjacent rooms.

30. On August 16, 2019, the bed bug scars were till present:



31. On August 26, 2019, Plaintiff underwent unrelated back surgery. As part of the post-surgery treatment he was required to wear compression device to reduce the risk of blood clots.

32. This device exacerbated the bed-bug bites on his legs, and, ultimately the important safety device was removed to avoid the pain, itching and burning that Plaintiff suffered due to the beg-bug bites.

33. At this time the beg-bug bites remained inflamed, itchy and painful and began to bleed through the required compression sock he was required to wear:



34. By December, Plaintiff still suffered skin complaints from the bed-bug bites, and visited a dermatologist to determine whether his injuries would leave permanent scarring.

35. Plaintiff's physician diagnosed him with Post-Inflammatory Pigmentary Changes as a result of the bed-bug bites and informed him that the changes could take months or years to "normalize".

36. Plaintiff's physician also diagnosed him with Dermatofibroma, and advised that although they malady was benign, the Dermatofibroma's should be surgically removed if the grow. And, finally, the dermatologist diagnosed him with a neoplastic macule on the left and right back. Because these growths were suspicious for malignancy, the dermatologist recommended that he surgically remove the neoplasms. Plaintiff agreed to the procedure and underwent a painful "shave removal" of the two neoplasm, which were caused by the bed-bugs.

37. Plaintiff's physician ordered Plaintiff to follow up in one year to review his dermatological problems.

38. At least as early as July 29, 2019, the Hotel and Room were infested with Bed Bugs (*Cimex Lecularius*).



39. Bed Bugs are arthropods that live in mattresses, bedding, box springs, cracks in bed frames, under loose wallpaper, behind picture frames and inside furniture and upholstery.

40. One bed bug can result in over 300 adults and 1,000 new eggs in three months.

41. Bed Bugs feed exclusively on human and animal blood; they typically live approximately 10 months and feed every several days. Bed Bugs feed by sucking human blood while the victim is sleeping.

42. They reproduce at a high rate.

43. At various times prior to July 29, 2019, upon information and belief, the Hotel and its rooms and common spaces near and/or adjacent to and the Room were infected with Bed Bugs.

44. For years invitees have complained of bed bugs in the Hotel. The infestation has remained uncontrolled.

45. This bed bug infestation was a dangerous condition because Bed Bugs fee on human blood and tissue, causing physical and mental injuries.

46. Defendants knew, months before July 29, 2019, or through the use of reasonable care should have known of the existence of bed bugs in the Hotel and in Room; namely a bed bug infestation.

47. As a result, the Room was not reasonably safe and habitable, or free from dangerous conditions on July 29, 2019, and thereafter.

48. Defendants concealed this information from the public and Hotel invitees generally, and from Plaintiff specifically.

49. As a direct and proximate result of the wrongful and negligent acts and/or omissions of Defendants plaintiff suffered severe, permanent, and progressive injuries that caused damage and personal injury, including, but not limited to the following:

    a.  Plaintiff has suffered personal injury;

    b.  Plaintiff has suffered necessary medical care and treatment;

    c.  Plaintiff has suffered, and continues to suffer from scarring;

    d.  Plaintiff has suffered, and continues to suffer anxiety,

    e.  Plaintiff has suffered the loss of personal property;

    f.  Plaintiff has suffered, and will continue to suffer pain, suffering, disability, disfigurement, mental anguish, anxiety, and

Electronically Filed - Jackson - Independence - July 06, 2020 - 02:09 PM

g.  Plaintiff has suffered other damages and disabilities the nature and extent of

which are not presently known.

**COUNT I: NEGLIGENCE – GROSS NEGLIGENCE –
EXEMPLARY DAMAGES**

50. Plaintiff incorporates the foregoing paragraphs herein by this reference as if fully set

forth herein.

51. At all relevant times, Defendants owed Plaintiff a duty to exercise ordinary and

reasonable care for Plaintiff's safety.

52. Defendants breaches this duty in one or more of the following respects:

a.  Failure to prevent one or more Hotel rooms; including the Room, from becoming

infested with bed bugs;

b.  Failure to take reasonable steps to prevent the infestation from spreading, thus

allowing the infestation to become established in the Hotel; including, but not

limited to the Room;

c.  Failure to warn Plaintiff of the dangerous condition and infestation in the Hotel

and/or in the Room;

d.  Failure to take precautionary measures to prevent the infestation of the Hotel

and/or the Room;

e.  Failure to clean and properly maintain the Room so as to protect Plaintiff from

personal injury;

f.  Failure to provide Plaintiff with a safe place within which to stay and maintain his

property and belongings;

g.  Failure to maintain the Hotel and/or Room in a safe and sanitary condition;

h.  Failure to warn Plaintiff of the threat to his health and safety;

    i.   Failure to take preventive measures to stop the bed bug infestation in the Hotel and/or Room;

    j.   Failure to properly train staff and management to inspect rooms for bed bugs, identify bed bugs and take steps necessary to prevent and eradicate bed bug infestations in the Hotel;

    k.   Failure to develop and implement a bed bug policy to reduce the risk of a bed bug infestation in the Hotel and/or Room;

    l.   Failure to reduce the risk of bed bug infestations;

53. Defendant's breaches showed a complete indifference to, or conscious disregard for the safety of Plaintiff, and other Hotel invitees justifying punishment.

54. As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries; to wit uncontrolled bed bugs infested the Hotel and/or Room; and among other injuries, caused Plaintiff:

    a.   Personal injury as more fully set forth above; and

    b.   Properly loss by destroying and/or forcing Plaintiff to destroy or dispose of certain personal property including, clothing to eradicate the bed bugs and their larvae and to insure that he does not unwittingly infest his home with bed bugs;

**WHEREORE**, Plaintiff Randy McMahan prays for judgment against Defendant Hawkeye Hotels, Inc., and Defendant Freedom Lodging, LLC, for actual damages in a sum in excess of $25,000 to compensate Plaintiff for his substantial, past, present and future damages, in an amount that will punish Defendants and deter Defendants and others from like conduct, and for his costs incurred herein and for such other and further relief as the Court deems just and equitable.

## COUNT II: BREACH OF CONTRACT AND WARRANTY

55. Plaintiff incorporates the foregoing paragraphs herein by this reference as if fully set forth herein.

56. BNSF and Hawkey and/or Freedom Lodging entered into a rental agreement for the Hotel Room (the "*Agreement*").

57. Plaintiff was an intended third-party beneficiary of the Agreement.

58. The Agreement, like all such agreements, included an implied warranty of good-faith and fair dealing, including, but not limited to an implied warranty that the Room would be habitable.

59. Defendant breached its duty of good-faith and fair dealing because it failed to warn of bed bugs, failed to take reasonable steps to prevent bed bugs; and failed to provide Plaintiff with habitable and safe accommodation, as set forth above.

60. Accordingly, Defendant breached its implied duty of good faith and fair dealing.

**WHEREORE**, Plaintiff Randy McMahan prays for judgment against Defendant Hawkeye Hotels, Inc., and Defendant Freedom Lodging, LLC, for actual damages in a sum in excess of $25,000 to compensate Plaintiff for his substantial, past, present and future damages, in an amount that will punish Defendants and deter Defendants and others from like conduct, and for his costs incurred herein and for such other and further relief as the Court deems just and equitable.

## COUNT III: PREMISES LIABILITY (INVITEE)

61. Plaintiff incorporates the foregoing paragraphs herein by this reference as if fully set forth herein.

62. At all times relevant, Plaintiff was an invitee of Hawkeye Hotels, Inc., and/or Freedom Lodging, LLC.

63. The Hotel, and the Room, were infested with bed bugs; and, as a result, the Hotel and Room were not reasonably safe and created an unreasonable risk of harm to Plaintiff.

64. Defendants knew, or by using ordinary care could have known of the bed-bug infestation.

65. Defendants knew, or should have known, that Plaintiff would not discover, or realize the danger of the bed-bug infestation.

66. Defendants failed to use ordinary care to protect Plaintiff from the dangers created by the bed bug infestation; including, but not limited to, failing to remove bed bugs from the Hotel and Room, failing to protect the Hotel and Room from bed bugs, failure to take reasonable preventive measure to protect Plaintiff, and failing to warn Plaintiff of the bed-bug infestation.

67. Defendant's breaches showed a complete indifference to, or conscious disregard for the safety of Plaintiff, and other Hotel invitees justifying punishment.

68. As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries; to wit uncontrolled bed bugs infested the Hotel and/or Room; and among other injuries, caused Plaintiff:

    a.  Personal injury as more fully set forth above; and

    b.  Properly loss by destroying and/or forcing Plaintiff to destroy or dispose of certain personal property including, clothing to eradicate the bed bugs and their larvae and to ensure that he does not unwittingly infest his home with bed bugs;

**WHEREORE**, Plaintiff Randy McMahan prays for judgment against Defendant Hawkeye Hotels, Inc., and Defendant Freedom Lodging, LLC, for actual damages in a sum in excess of $25,000 to compensate Plaintiff for his substantial, past, present and future damages, in an amount that will punish Defendants and deter Defendants and others from like conduct, and

for his costs incurred herein and for such other and further relief as the Court deems just and equitable.

## COUNT III: *RES IPSA LOQUITOR*

69. Plaintiff incorporates the foregoing paragraphs herein by this reference as if fully set forth herein.

70. Defendants had the exclusive custody and control of the Hotel.

71. The Hotel and Room had an active bed-bug infestation between July 29, 2019 and August 1, 2019.

72. From the facts of this occurrence, and the reasonable inferences therefrom, the bed-bug infestation was directly caused by Defendants' negligence.

73. As a direct result of such negligence, plaintiff sustained damages set forth above; including but not limited to personal injury, reasonable medical expenses, and personal-property damages, which are incorporated herein by this reference.

74. Defendant's breaches showed a complete indifference to, or conscious disregard for the safety of Plaintiff, and other Hotel invitees justifying punishment.

**WHEREORE**, Plaintiff Randy McMahan prays for judgment against Defendant Hawkeye Hotels, Inc., and Defendant Freedom Lodging, LLC, for actual damages in a sum in excess of $25,000 to compensate Plaintiff for his substantial, past, present and future damages, in an amount that will punish Defendants and deter Defendants and others from like conduct, and for his costs incurred herein and for such other and further relief as the Court deems just and equitable.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DAMAGE

75. Plaintiff incorporates the foregoing paragraphs herein by this reference as if fully set forth herein.

76. The Hotel was infested with bed bugs as set forth above as a result of Defendant's negligence.

77. Defendant's negligent acts and omissions relating to the bed-bug infestation involved an unreasonable risk of causing emotional distress to Hotel invitees.

78. Defendants knew, or by using ordinary care could have known, of the risk of emotional distress to guests and Plaintiff.

79. As a direct result of such negligence, Plaintiff sustained medically diagnosable and significant emotional distress.

**WHEREORE**, Plaintiff Randy McMahan prays for judgment against Defendant Hawkeye Hotels, Inc., and Defendant Freedom Lodging, LLC, for actual damages in a sum in excess of $25,000 to compensate Plaintiff for his substantial, past, present and future damages, in an amount that will punish Defendants and deter Defendants and others from like conduct, and for his costs incurred herein and for such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Randy McMahan is entitled to a jury trial and hereby requests a trial by jury.

Electronically Filed - Jackson - Independence - July 06, 2020 - 02:09 PM

Respectfully Submitted,

**KREAMER, KINCAID, TAYLOR, LIPSMAN, ARNEY, WAIT & BOTTARO, LC**

<u>/s/ David S. Lockett</u>
David S. Lockett, MO# 58382
Patrick F. Bottaro, MO# 35182
7450 W. 130th St., Suite 140
Overland Park, KS 66213
T: (913) 782-2350
F: (913) 782-2012
E: <u>dlockett@hrkklaw.com</u>
***Attorneys for Plaintiff Randy McMahan***



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | **Case Number:** 2016-CV14354 |
| Plaintiff/Petitioner:<br>RANDY MCMAHAN<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAVID S LOCKETT<br>MANSON, KARBANK, MCCLAFLIN<br>84 CORPORATE WOODS<br>SUITE 430<br>OVERLAND PARK, KS 66210 |
| Defendant/Respondent:<br>HAWKEYE HOTELS INC | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Pers Injury-Other | INDEPENDENCE, MO 64050<br><br>(Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** FREEDOM LODGING LLC
                **Alias:**

C/O R/A RAVI PATEL
19677 E JACKSON DRIVE
INDEPENDENCE, MO 64057

**COURT SEAL OF**

**JACKSON COUNTY**

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

07-JUL-2020
   Date                                             Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
    Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

          Subscribed and sworn to before me on _____ (date).

*(Seal)*     My commission expires: _____        _____
                                       Date                          Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

**RANDY MCMAHAN,**

|  |  |
|---|---|
| **PLAINTIFF(S),** | **CASE NO. 2016-CV14354** |
| **VS.** | **DIVISION 2** |

**HAWKEYE HOTELS INC,**

**DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE**
**AND ORDER FOR MEDIATION**

_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **KENNETH R GARRETT III** on **26-OCT-2020** in **DIVISION 2** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.      A trial setting;

      b.      Expert Witness Disclosure Cutoff Date;

      c.      A schedule for the orderly preparation of the case for trial;

      d.      Any issues which require input or action by the Court;

      e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

_/S/ KENNETH R GARRETT III_
KENNETH R GARRETT III**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
PATRICK F BOTTARO, 7450 W. 130TH STREET, STE 140, OVERLAND PARK, KS 66213

DAVID S LOCKETT, MANSON, KARBANK, MCCLAFLIN, 84 CORPORATE WOODS, SUITE 430, OVERLAND PARK, KS 66210

Defendant(s):
 HAWKEYE HOTELS INC
 FREEDOM LODGING LLC

 Dated:  07-JUL-2020

MARY A. MARQUEZ
Court Administrator

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| RANDY MCMAHAN,<br>        Plaintiff,<br>        v.<br><br>HAWKEYE HOTELS, INC.,<br>Serve:  R/A Balvant Patel<br>        1601 N. Roosevelt<br>        Burlington, IA 52601<br><br>and,<br><br>FREEDOM LODGING, LLC<br>Serve: R/A Ravi Patel<br>        19677 E. Jackson Drive<br>        Independence, MO 64057<br><br>        Defendants. | Case No.:  2016-CV14354 |

**REQUEST AND SERVICE INSTRUCTION FORM**

To:     Clerk of the Circuit Court

        The Clerk of the Court is requested to issue a Summons in the above entitled action for

the named defendant Freedom Lodging, LLC, to be served by service through Jackson County

Sheriff's Department, State of Missouri:

        Registered Agent:  Ravi Patel
        19677 E. Jackson Drive
        Independence, MO 64057

        Plaintiff will be responsible for requesting process of service of Summons and Petition

with Sheriff's Department.

Electronically Filed - Jackson - Independence - July 09, 2020 - 03:03 PM

Respectfully Submitted,

KREAMER KINCAID TAYLOR LIPSMAN
ARNEY WAIT & BOTTARO, L.C.

*/s/ David S. Lockett*
David S. Lockett,        MO #58382
Patrick F. Bottaro,      MO #35182
7450 W. 130th St, Suite 140
Overland Park, KS 66213
913-782-2350/Fax 913-782-2012
dlockett@hrkklaw.com
pbottaro@hrkklaw.com
ATTORNEYS FOR PLAINTIFF

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| RANDY MCMAHAN,<br>        Plaintiff,<br>        v.<br><br>HAWKEYE HOTELS, INC.,<br>Serve:  R/A Balvant Patel<br>        1601 N. Roosevelt<br>        Burlington, IA 52601<br><br>and,<br><br>FREEDOM LODGING, LLC<br>Serve: R/A Ravi Patel<br>        19677 E. Jackson Drive<br>        Independence, MO 64057<br><br>        Defendants. | Case No.:  2016-CV14354 |

**REQUEST AND SERVICE INSTRUCTION FORM**

To:     Clerk of the Circuit Court

        The Clerk of the Court is requested to issue a Summons in the above entitled action for

the named defendant Hawkeye Hotels, Inc. to be served by service through Des Moines County

Sheriff's Department, State of Iowa:

        Registered Agent:  Balvant Patel
        1601 N. Roosevelt
        Burlington, IA 52601

        Plaintiff will be responsible for requesting process of service of Summons and Petition

with Sheriff's Department.

Electronically Filed - Jackson - Independence - July 09, 2020 - 03:03 PM

Respectfully Submitted,

KREAMER KINCAID TAYLOR LIPSMAN
ARNEY WAIT & BOTTARO, L.C.

*/s/ David S. Lockett*

David S. Lockett,  MO #58382
Patrick F. Bottaro,  MO #35182
7450 W. 130th St, Suite 140
Overland Park, KS 66213
913-782-2350/Fax 913-782-2012
dlockett@hrkklaw.com
pbottaro@hrkklaw.com
ATTORNEYS FOR PLAINTIFF



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV14354 |
|---|---|
| Plaintiff/Petitioner:<br>RANDY MCMAHAN<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID S LOCKETT<br>MANSON, KARBANK, MCCLAFLIN<br>84 CORPORATE WOODS<br>SUITE 430<br>OVERLAND PARK, KS 66210 |
| Defendant/Respondent:<br>HAWKEYE HOTELS INC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **HAWKEYE HOTELS INC**
Alias:

C/O R/A BALVANT PATEL
1601 N. ROOSEVELT
BURLINGTON, IA 52601

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

10-JUL-2020
Date _____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                       (use for out-of-state officer)
                    ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only* Document ID# 20-SMOS-490    1 of 2   (2016-CV14354)
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00945-GAF   Document 1-1   Filed 11/30/20   Page 27 of 101

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | | Case Number: 2016-CV14354 |
|---|---|---|
| Plaintiff/Petitioner:<br>RANDY MCMAHAN | | Plaintiff's/Petitioner's Attorney/Address<br>DAVID S LOCKETT<br>MANSON, KARBANK, MCCLAFLIN<br>84 CORPORATE WOODS<br>SUITE 430<br>OVERLAND PARK, KS 66210 |
| | vs. | |
| Defendant/Respondent:<br>HAWKEYE HOTELS INC | | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Other | | |

RECEIVED CIVIL PROCESS 2020 JUL 23 PM 2:0_ (Date File Stamp)

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** FREEDOM LODGING LLC<br>Alias:<br><br>**C/O R/A RAVI PATEL**<br>**19677 E JACKSON DRIVE**<br>**INDEPENDENCE, MO 64057**<br><br>*COURT SEAL OF*<br>*JACKSON COUNTY* | Rowe<br><br>  You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.<br><br>07-JUL-2020<br>Date _____ Clerk<br><br>Further Information: |

| Sheriff's or Server's Return |
|---|
| **Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.<br>I certify that I have served the above summons by: (check one) |

## CORPORATION - PERSON IN CHARGE

I certify that I have served the within summons in Jackson County, Missouri, upon the within-named defendant corporation, _Freedom Lodging LLC_____, by leaving a copy of the summons and a copy of the petition at the business office of said defendant corporation with _Jody Mullingan - Sales Manager_, who said he/she was the person in charge thereof.

Place of service: _19677 E Jackson Dr. Independence Mo_

Date of service: _07-27-2020_

Time of service: _1200_

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

BY _____
DEPUTY

**CIRCT 3033- 12/13**

Mileage _____ _____ miles @ $._____ per mile)
**Total** $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JACKSMCO) For Court Use Only: Document Id # 20-SMCC-6462 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00945-GAF Document 1-1 Filed 11/30/20 Page 31 of 101



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | **Case Number: 2016-CV14354** |
| Plaintiff/Petitioner:<br>RANDY MCMAHAN | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID S LOCKETT<br>MANSON, KARBANK, MCCLAFLIN<br>84 CORPORATE WOODS<br>SUITE 430<br>OVERLAND PARK, KS  66210 |
| **vs.** | |
| Defendant/Respondent:<br>HAWKEYE HOTELS INC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

  **The State of Missouri to:  HAWKEYE HOTELS INC**
                                          **Alias:**

**2706 JAMES ST**
**CORALVILLE, IA  52241**

***COURT SEAL OF***

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

***JACKSON COUNTY***

<u>03-AUG-2020</u>
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐  delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐  other (describe) _____ .

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐  the clerk of the court of which affiant is an officer.
                              ☐  the judge of the court of which affiant is an officer.
                              ☐  authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                              ☐  authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

# Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney

6/2020

Electronically Filed - Jackson - Independence - August 03, 2020 - 09:45 AM

# Return of Service

## IN THE MISSOURI JUDICIAL CIRCUIT COURT IN AND FOR JACKSON COUNTY

| | |
|---|---|
| **RANDY MCMAHAN**<br>**VS**<br>**HAWKEYE HOTELS, INC** | Case Number: **2016-CV14354**<br>Civil Number: **20-001103**<br>Date Received: **07/23/2020** @ **09:31**<br>Date Printed: 07/28/2020 @ 12:51 |

**STATE OF IOWA**
**DES MOINES COUNTY**          }

I hereby certify that I served a copy of:

**SUMMONS FOR PERSONAL SERVICE**          PLAINTIFF 1ST REQ PRODUCTION
**PETITION FOR DAMAGES**
**PLAINTIFF'S 1ST SET INTERROG**

**To:**     **DILIGENT SEARCH HAWKEYE HOTELS INC-DILIGENT**

on **07/27/2020**          Type of Service: **DILIGENT SEARCH**

Remarks:    HAWKEYE HOTELS IN BURLINGTON IS CLOSED. THERE CORPORATE OFFICE IS AT  2706
JAMES ST, CORALVILLE IOWA 52241
Case Notes: **(ADVANCE FEES RECEIVED $33.16)**

**Fees:**

| | | |
|---|---|---|
| Service Fees: | 15.00 | |
| Mileage: | 6.90 | |
| Copies: | 1.00 | |
| Total: | 22.90 | |

MIKE JOHNSTONE, SHERIFF
DES MOINES COUNTY

By: _N/A_____

Paid By:  Patrick F Bottaro LLC
Date:  7-28-20
Check #:  1437



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

Electronically Filed - Jackson - Independence - August 03, 2020 - 09:45 AM

| | |
|---|---|
| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV14354 |
| Plaintiff/Petitioner:<br>RANDY MCMAHAN | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID S LOCKETT<br>MANSON, KARBANK, MCCLAFLIN<br>84 CORPORATE WOODS<br>SUITE 430<br>OVERLAND PARK, KS 66210 |
| | vs. |
| Defendant/Respondent:<br>HAWKEYE HOTELS INC | Court Address:<br>308 W KANSAS<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  HAWKEYE HOTELS INC
                    Alias:

C/O R/A BALVANT PATEL
1601 N. ROOSEVELT
BURLINGTON, IA 52601

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____10-JUL-2020_____                    _____
Date                                              Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)

I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                    (use for out-of-state officer)
                    ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

Electronically Filed - Jackson - Independence - August 03, 2020 - 09:49 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| RANDY MCMAHAN,<br>        Plaintiff,<br>        v.<br><br>HAWKEYE HOTELS, INC.,<br>Serve:  R/A Balvant Patel<br>        1601 N. Roosevelt<br>        Burlington, IA 52601<br><br>and,<br><br>FREEDOM LODGING, LLC<br>Serve: R/A Ravi Patel<br>        19677 E. Jackson Drive<br>        Independence, MO 64057<br><br>        Defendants. | Case No.:  2016-CV14354 |

**REQUEST AND SERVICE INSTRUCTION FORM**

To:     Clerk of the Circuit Court

The Clerk of the Court is requested to issue an Alias Summons in the above entitled action for the named defendant Hawkeye Hotels, Inc. to be served by service through Johnson County Sheriff's Department, State of Iowa:

    Hawkeye Hotels Corporate Office
    2706 James St.
    Coralville, IA 52241

Plaintiff will be responsible for requesting process of service of Summons and Petition with Sheriff's Department.

Respectfully Submitted,

KREAMER KINCAID TAYLOR LIPSMAN
ARNEY WAIT & BOTTARO, L.C.

*/s/ David S. Lockett*
David S. Lockett,         MO #58382
Patrick F. Bottaro,        MO #35182
7450 W. 130th St, Suite 140
Overland Park, KS 66213
913-782-2350/Fax 913-782-2012
dlockett@hrkklaw.com
pbottaro@hrkklaw.com
ATTORNEYS FOR PLAINTIFF

2

# Return of Service

## IN THE MISSOURI JUDICIAL CIRCUIT COURT IN AND FOR JACKSON COUNTY

| | |
|---|---|
| **RANDY MCMAHAN**<br>**VS**<br>**HAWKEYE HOTELS, INC** | Case Number: **2016-CV14354**<br>Civil Number: **20-001103**<br>Date Received: **07/23/2020** @ **09:31**<br>Date Printed: 07/28/2020 @ 12:51 |

STATE OF IOWA
DES MOINES COUNTY        }

I hereby certify that I served a copy of:

**SUMMONS FOR PERSONAL SERVICE**        **PLAINTIFF 1ST REQ PRODUCTION**
**PETITION FOR DAMAGES**
**PLAINTIFF'S 1ST SET INTERROG**

**To:**   **DILIGENT SEARCH HAWKEYE HOTELS INC-DILIGENT**

              on  **07/27/2020**              Type of Service:  **DILIGENT SEARCH**

Remarks:     HAWKEYE HOTELS IN BURLINGTON IS CLOSED.  THERE CORPORATE OFFICE IS AT  2706
              JAMES ST, CORALVILLE IOWA 52241
Case Notes: **(ADVANCE FEES RECEIVED $33.16)**

**Fees:**

| | |
|---|---|
| Service Fees: | 15.00 |
| Mileage: | 6.90 |
| Copies: | 1.00 |
| Total: | 22.90 |

MIKE JOHNSTONE, SHERIFF
DES MOINES COUNTY

By: _N/A_____

Paid By: Patrick F Bottaro LLC
Date: 7-28-20
Check #: 1437

Electronically Filed - Jackson - Independence - August 03, 2020 - 09:45 AM

Electronically Filed - Jackson - Independence - August 03, 2020 - 09:45 AM

| | |
|---|---|
| Plaintiff/Petitioner: RANDY MCMAHAN | Plaintiff's/Petitioner's Attorney/Address: DAVID [illegible] LOCKETT, [illegible], 84 CORPORATE WOODS, SUITE [illegible], OVERLAND PARK, KS 66210 |
| vs. | |
| Defendant/Respondent: | |

Return information

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.

| | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ |
| Total | $ |

See the following page for directions to clerk and to officer making return on service of summons.

Electronically Filed - Jackson - Independence - August 03, 2020 - 09:45 AM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV14354 | |
|---|---|---|
| Plaintiff/Petitioner:<br>RANDY MCMAHAN | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID S LOCKETT<br>MANSON, KARBANK, MCCLAFLIN<br>84 CORPORATE WOODS<br>SUITE 430<br>OVERLAND PARK, KS 66210 | 20 JUL 23 AM 9:31 RECEIVED SHERIFF JONES COUNTY |
| | vs. | |
| Defendant/Respondent:<br>HAWKEYE HOTELS INC | Court Address:<br>308 W KANSAS<br>INDEPENDENCE, MO 64050 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  HAWKEYE HOTELS INC
              Alias:

**C/O R/A BALVANT PATEL**
**1601 N. ROOSEVELT**
**BURLINGTON, IA 52601**

*COURT SEAL OF*

*JACKSON COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

        10-JUL-2020
          Date                                  Clerk

Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

        **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
        I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                        ☐ the judge of the court of which affiant is an officer.
*(Seal)*               ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                        ☐ authorized to administer oaths. (use for court-appointed server)

                                             Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* **Document ID# 20-SMOS-490**  1  of  2     (2016-CV14354)                         506.500, 506.510 RSMo

Case 4:20-cv-00945-GAF   Document 1-1   Filed 11/30/20   Page 43 of 101

Electronically Filed - Jackson - Independence - August 17, 2020 - 04:04 PM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV14354 |
|---|---|
| Plaintiff/Petitioner:<br>RANDY MCMAHAN | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID S LOCKETT<br>MANSON, KARBANK, MCCLAFLIN<br>84 CORPORATE WOODS<br>SUITE 430<br>vs.   OVERLAND PARK, KS 66210 |
| Defendant/Respondent:<br>HAWKEYE HOTELS INC | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Pers Injury-Other | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   HAWKEYE HOTELS INC
                      Alias:

2706 JAMES ST
CORALVILLE, IA 52241

*COURT SEAL OF*

           You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

       03-AUG-2020
          Date                                    Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is  Deputy Sheriff  of  Johnson  County,  Iowa  (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to Parth Patel (name) Director (title).
☐ other (describe) _____

Served at 2706 James St, Coralville IA 52241 (address)
in Johnson County, Iowa (state), on 8-12-20 (date) at 1515 (time).

Brian Kohler S2-20                    BK
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                ☐ the judge of the court of which affiant is an officer.
*(Seal)*         ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                ☐ authorized to administer oaths. (use for court-appointed server)

                                          Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only*: Document ID# 20-SMOS-566   1 of 2      (2016-CV14354)      Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 2016-CV14354 |
|---|---|
| Plaintiff/Petitioner:<br>RANDY MCMAHAN | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID S LOCKETT<br>MANSON, KARBANK, MCCLAFLIN<br>84 CORPORATE WOODS<br>SUITE 430<br>OVERLAND PARK, KS  66210 |
| Defendant/Respondent:<br>HAWKEYE HOTELS INC<br>Nature of Suit:<br>CC Pers Injury-Other | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050<br><br>(Date File Stamp) |

(vs.)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  HAWKEYE HOTELS INC
Alias:

2706 JAMES ST
CORALVILLE, IA  52241

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

03-AUG-2020
Date _____ Clerk

*JACKSON COUNTY*

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is __Deputy Sheriff__ of __Johnson__ County, __Iowa__ (state).
3.  I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to __Parth Patel__ (name) __Director__ (title).
    ☐ other (describe)

Served at __2706 James St, Coralville IA 52241__ (address)
in __Johnson__ County, __Iowa__ (state), on __8-17-20__ (date) at __1515__ (time).
__Brian Kohler  52-20__
Printed Name of Sheriff or Server                     Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only*: Document ID# 20-SMOS-566  1 of 2     (2016-CV14354)      Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00945-GAF   Document 1-1   Filed 11/30/20   Page 45 of 101

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | |
|---|---|
| **RANDY MCMAHAN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| **v.** | )   **Case No.  2016-CV14354** |
| | ) |
| **HAWKEYE HOTEL, INC** | )   **JURY TRIAL DEMANDED** |
| | ) |
| **and,** | ) |
| | ) |
| **FREEDOM LODGING, LLC** | ) |
| | ) |
|     **Defendants.** | ) |

<u>**FREEDOM LODGING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S PETITION**</u>

COMES NOW Defendant Freedom Lodging, LLC (hereinafter "Defendant", or "Freedom") and by and through undersigned counsel, hereby submits its Answers and Affirmative Defenses to Plaintiff Randy McMahan's ("Plaintiff") Petition as follows:

<u>**Parties, Venue, and Jurisdiction**</u>

1.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 1 and, therefore, denies the same.

2.     Admitted.

3.     Admitted.

4.     Denied.

5.     Freedom is without sufficient knowledge as to the source of Plaintiff's information to the allegations in paragraph 5, and therefore denies the same.

6.     Paragraph 6 contains legal conclusions requiring no response. To the extent a response is required, Freedom denies the same.

1

**Facts Common To All Counts**

7.      Freedom is without sufficient information to admit or deny the allegations contained in paragraph 7 and, therefore, denies the same.

8.      Freedom is without sufficient information to admit or deny the allegations contained in paragraph 8 and, therefore, denies the same.

9.      Freedom is without sufficient information to admit or deny the allegations contained in paragraph 9 and, therefore, denies the same.

10.      Freedom is without sufficient information to admit or deny the allegations contained in paragraph 10 and, therefore, denies the same.

11.      Freedom is without sufficient information to admit or deny the allegations contained in paragraph 11 and, therefore, denies the same.

12.      Freedom is without sufficient information to admit or deny the allegations contained in paragraph 12 and, therefore, denies the same.

13.      Freedom is without sufficient information to admit or deny the allegations contained in paragraph 13 and, therefore, denies the same.

14.      Freedom is without sufficient information to admit or deny the allegations contained in paragraph 14 and, therefore, denies the same.

15.      Freedom is without sufficient information to admit or deny the allegations contained in paragraph 15 and, therefore, denies the same.

16.      Freedom is without sufficient information to admit or deny the allegations contained in paragraph 16 and, therefore, denies the same.

17.      Freedom is without sufficient information to admit or deny the allegations contained in paragraph 17 and, therefore, denies the same.

18.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 18 and, therefore, denies the same.

19.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 19, and, therefore, denies the same.

20.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 20 and, therefore, denies the same.

21.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 21 and, therefore, denies the same.

22.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 22 and, therefore, denies the same.

23.     Denied.

24.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 24 and, therefore, denies the same.

25.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 25 and, therefore, denies the same.

26.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 26 and, therefore, denies the same.

27.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 27 and, therefore, denies the same.

28.     Denied.

29.     Denied.

30.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 30 and, therefore, denies the same.

31.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 31 and, therefore, denies the same.

32.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 32 and, therefore, denies the same.

33.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 33 and, therefore, denies the same.

34.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 34 and, therefore, denies the same.

35.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 35 and, therefore, denies the same.

36.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 36 and, therefore, denies the same.

37.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 37 and, therefore, denies the same.

38.     Denied.

39.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 39 and, therefore, denies the same.

40.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 40 and, therefore, denies the same.

41.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 41 and, therefore, denies the same.

42.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 42 and, therefore, denies the same.

43.     Denied.

44.     Denied.

45.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 45 and, therefore, denies the same.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Freedom denies paragraph 49, and all allegations in subsections (a-g) of said paragraph.

<u>**COUNT I: NEGLIGENCE-GROSS-NEGLIGENCE-EXEMPLARY DAMAGES**</u>

50.     Freedom incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

51.     Denied.

52.     Defendant denies paragraph 52, and all allegations in subsections (a-l) of said paragraph.

53.     Denied.

54.     Defendant denies paragraph 54, and all allegations in subsections (a-b) of said paragraph.

<u>**COUNT II: BREACH OF CONTRACT AND WARRANTY**</u>

55.     Freedom incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

56.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 56 and, therefore, denies the same.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

## COUNT III: PREMISES LIABILITY (INVITEE)

61.     Freedom incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

62.     Freedom admits only that Plaintiff was a guest in the Hotel from July 29, 2019, to August 1, 2019. All other allegations in paragraph 62 are expressly denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Freedom denies paragraph 68, and all allegations in subsections (a-b) of said paragraph.

## COUNT III (SECOND): *RES IPSA LOQUITOR*

69.     Freedom incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

6

74.    Denied.

### COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DAMAGE

75.    Freedom incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

### AFFIRMATIVE DEFENSES

1.    Plaintiff's Petition fails to state a claim upon which relief may be granted against Freedom.

2.    Any damages Plaintiff claims to have suffered were caused, in whole or in part, by the fault of Plaintiff, therefore barring or reducing Plaintiff's recovery, in whole or in part.

3.    Plaintiff's claims are barred, in whole or in part, by the open and obvious hazard doctrine.

4.    Plaintiff's claims are barred, in whole or in part, by the assumption of the risk doctrine.

5.    If Plaintiff sustained damages, which Freedom specifically denies, Plaintiff failed to mitigate his damages, therefore barring or reducing Plaintiff's recovery, in whole or in part.

6.    If Plaintiff sustained damages, which Freedom specifically denies, the negligence or fault of others outside the control of Freedom caused or contributed to cause such injuries and/or damages, and such negligence must be compared, reducing or completely barring Plaintiff's alleged right to recover from Freedom.

7

Electronically Filed - Jackson - Independence - August 25, 2020 - 02:52 PM

7.      Freedom reserves the right to plead additional affirmative defenses as they become known and available prior to trial.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant Freedom prays it is dismissed with prejudice, at Plaintiff's cost, and further relief as the court deems just, proper, and equitable.

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ David R Buchanan
David R. Buchanan                    MO #29228
2345 Grand Boulevard, Suite 2100
Kansas City, MO 64108
Telephone: (816) 472-0800
Facsimile:  (816) 421-1183
Email:  dbuchanan@bjpc.com
**ATTORNEY FOR
HAWKEYE HOTELS, INC AND
FREEDOM LODGING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2020, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ David R Buchanan

8

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

**AT INDEPENDENCE**

| | | |
|---|---|---|
| RANDY MCMAHAN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No.  2016-CV14354 |
| | ) | |
| HAWKEYE HOTEL, INC | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| FREEDOM LODGING, LLC | ) | |
| | ) | |
|     Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that Defendants Freedom Lodging, LLC's and Hawkeye Hotel, Inc.'s First Interrogatories and First Requests for Production directed to Plaintiff Randy McMahan were served this 11th day of September 2020, by United States Mail and electronic mail to: David S. Lockett, dlockett@hrkklaw.com, Kreamer, Kincaid, Taylor, Lipsman, Arney, Wait & Bottaro, L.C., 7450 West 130th Street, Suite 140, Overland Park, KS 66213.

BROWN & JAMES, P.C.

By:_____

David R. Buchanan,    MO #29228
2345 Grand Boulevard, Ste. 2100
Kansas City, MO 64108
Ph:    816.472.0800
Fax:    816.421.1183
Email:  dbuchanan@bjpc.com

ATTORNEY FOR DEFENDANTS

Electronically Filed - Jackson - Independence - September 11, 2020 - 05:25 PM

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of September, 2020, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

David R Buchanan

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| **RANDY MCMAHAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.   2016-CV14354** |
| | ) | |
| **HAWKEYE HOTEL, INC** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **and,** | ) | |
| | ) | |
| **FREEDOM LODGING, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

### HAWKEYE HOTEL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

COMES NOW Defendant Hawkeye Hotel, Inc., (hereinafter "Defendant", or "Hawkeye") and by and through undersigned counsel, hereby submits its Answers and Affirmative Defenses to Plaintiff Randy McMahan's ("Plaintiff") Petition as follows:

### Parties, Venue, and Jurisdiction

1.     Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 1 and, therefore, denies the same.

2.     Admitted.

3.     Admitted.

4.     Denied.

5.     Hawkeye is without sufficient information to admit or deny the allegations in paragraph 5, and therefore, denies the same.

6.     Paragraph 6 contains legal conclusions requiring no response. To the extent a response is required, Hawkeye denies the same.

1

**Facts Common To All Counts**

7.     Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 7 and, therefore, denies the same.

8.     Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 8 and, therefore, denies the same.

9.     Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 9 and, therefore, denies the same.

10.     Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 10 and, therefore, denies the same.

11.     Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 11 and, therefore, denies the same.

12.     Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 12 and, therefore, denies the same.

13.     Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 13 and, therefore, denies the same.

14.     Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 14 and, therefore, denies the same.

15.     Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 15 and, therefore, denies the same.

16.     Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 16 and, therefore, denies the same.

17.     Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 17 and, therefore, denies the same.

18. Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 18 and, therefore, denies the same.

19. Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 19, and, therefore, denies the same.

20. Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 20 and, therefore, denies the same.

21. Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 21 and, therefore, denies the same.

22. Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 22 and, therefore, denies the same.

23. Denied.

24. Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 24 and, therefore, denies the same.

25. Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 25 and, therefore, denies the same.

26. Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 26 and, therefore, denies the same.

27. Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 27 and, therefore, denies the same.

28. Denied.

29. Denied.

30. Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 30 and, therefore, denies the same.

31.    Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 31 and, therefore, denies the same.

32.    Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 32 and, therefore, denies the same.

33.    Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 33 and, therefore, denies the same.

34.    Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 34 and, therefore, denies the same.

35.    Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 35 and, therefore, denies the same.

36.    Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 36 and, therefore, denies the same.

37.    Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 37 and, therefore, denies the same.

38.    Denied.

39.    Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 39 and, therefore, denies the same.

40.    Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 40 and, therefore, denies the same.

41.    Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 41 and, therefore, denies the same.

42.    Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 42 and, therefore, denies the same.

43.  Denied.

44.  Denied.

45.  Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 45 and, therefore, denies the same.

46.  Denied.

47.  Denied.

48.  Denied.

49.  Hawkeye denies paragraph 49, and all allegations in subsections (a-g) of said paragraph.

## COUNT I: NEGLIGENCE-GROSS-NEGLIGENCE-EXEMPLARY DAMAGES

50.  Hawkeye incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

51.  Denied.

52.  Defendant denies paragraph 52, and all allegations in subsections (a-l) of said paragraph.

53.  Denied.

54.  Defendant denies paragraph 54, and all allegations in subsections (a-b) of said paragraph.

## COUNT II: BREACH OF CONTRACT AND WARRANTY

55.  Hawkeye incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

56.  Hawkeye is without sufficient information to admit or deny the allegations contained in paragraph 56 and, therefore, denies the same.

5

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

## COUNT III: PREMISES LIABILITY (INVITEE)

61.    Hawkeye incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Hawkeye denies paragraph 68, and all allegations in subsections (a-b) of said paragraph.

## COUNT III (SECOND): *RES IPSA LOQUITOR*

69.    Hawkeye incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

6

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DAMAGE

75.    Hawkeye incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Petition fails to state a claim upon which relief may be granted against Hawkeye.

2.    Any damages Plaintiff claims to have suffered were caused, in whole or in part, by the fault of Plaintiff, therefore barring or reducing Plaintiff's recovery, in whole or in part.

3.    Plaintiff's claims are barred, in whole or in part, by the open and obvious hazard doctrine.

4.    Plaintiff's claims are barred, in whole or in part, by the assumption of the risk doctrine.

5.    If Plaintiff sustained damages, which Hawkeye specifically denies, Plaintiff failed to mitigate his damages, therefore barring or reducing Plaintiff's recovery, in whole or in part.

6.    If Plaintiff sustained damages, which Hawkeye specifically denies, the negligence or fault of others outside the control of Hawkeye caused or contributed to cause such injuries and/or damages, and such negligence must be compared, reducing or completely barring Plaintiff's alleged right to recover from Hawkeye.

Electronically Filed - Jackson - Independence - September 11, 2020 - 01:10 PM

7.     In further answer and by way of affirmative defense, Defendant states that Plaintiff's claims seeking an award of punitive damages violate Defendant's constitutional rights as follows:

a.     The Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution are violated, because the jury or fact finder has total discretionary powers to award punitive damages, and adequate, objective legal standards do not exist to guide and limit the jury's or fact finders' discretion, thus allowing an award of punitive damages to be irrational, arbitrary and capricious, and based on vague, unpredictable, conflicting and purely subjective standards;

b.     The Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution are violated, because the vague and inconsistent legal standards for the imposition of punitive damages deprive Defendant of sufficient notice of the type of conduct and mental state upon which an award of punitive damages could result from Defendant's alleged misconduct;

c.     The Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution are violated, because the guidelines, standards, procedures and instructions for the imposition of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective and fundamentally unfair;

d.     The Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution are violated, because no objective limitations are established concerning the amount or severity of the punitive damages;

e.      The Fifth and Sixth Amendments of the United States Constitution are violated, because Defendant cannot exercise all of the constitutional and statutory rights which must be accorded to a party that is subject to the imposition of a criminal penalty in the form of punitive damages;

f.      The Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution are violated, because punitive damages discriminate against Defendant on the basis of wealth in that greater punitive damage awards for the identical conduct may be awarded against some defendants who have more economic wealth than other defendants;

g.      The First Amendment of the United States Constitution is violated, because the imposition of punitive damages on Defendant is based on vague, conflicting, uncertain and purely subjective standards, without adequate notice to Defendant, creating a chilling effect on speech and expression;

h.      The Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution are violated, because the imposition of punitive damages impairs Defendant's right of access to the courts to adjudicate civil disputes;

i.      The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Missouri's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment;

j.      Missouri's procedural and substantive law on punitive damages conflicts with the procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306, 111 S. Ct. 1032 (1991), *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) and *State Farm Mutual Automobile Insurance Co., v. Campbell*, 123 S. Ct. 1513 (2003);

k.      The procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306, 111 S. Ct. 1032 (1991), *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) and *State Farm Mutual Automobile Insurance Co., v. Campbell*, 123 S. Ct. 1513 (2003) are violated because punitive damages can be awarded against Defendant that are disproportionate and have no reasonable relationship to the actual or compensatory damages award, the injury and expenses in connection with which they are awarded, Defendant's conduct, mental state or the degree of reprehensibility of Defendant's conduct and also permits an award of punitive damages that are disproportionate to the civil penalties, if any, authorized or imposed in similar case.

8.      Hawkeye reserves the right to plead additional affirmative defenses as they become known and available prior to trial.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant Hawkeye prays it is dismissed with prejudice, at Plaintiff's cost, and further relief as the court deems just, proper, and equitable.

10

Respectfully submitted,

**BROWN & JAMES, P.C.**


/s/ David R Buchanan

David R. Buchanan        MO #29228
2345 Grand Boulevard, Suite 2100
Kansas City, MO 64108
Telephone: (816) 472-0800
Facsimile: (816) 421-1183
Email: dbuchanan@bjpc.com
**ATTORNEY FOR
HAWKEYE HOTELS, INC., AND
FREEDOM LODGING, LLC**


## CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of September, 2020, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.


/s/ David R Buchanan

23962016.1.mdt

11

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| **RANDY MCMAHAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2016-CV14354** |
| | ) | |
| **HAWKEYE HOTEL, INC** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **and,** | ) | |
| | ) | |
| **FREEDOM LODGING, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>FREEDOM LODGING, LLC'S 1ST AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S PETITION</u>**

COMES NOW Defendant Freedom Lodging, LLC (hereinafter "Defendant", or "Freedom") and by and through undersigned counsel, hereby submits its 1st Amended Answer and Affirmative Defenses, as a matter of course, pursuant to Rule 55.33(a) and RSMo 509.490, to Plaintiff Randy McMahan's ("Plaintiff") Petition as follows:

**<u>Parties, Venue, and Jurisdiction</u>**

1.    Freedom is without sufficient information to admit or deny the allegations contained in paragraph 1 and, therefore, denies the same.

2.    Admitted.

3.    Admitted.

4.    Denied.

5.    Freedom is without sufficient information to admit or deny the allegations in paragraph 5, and therefore, denies the same.

6.    Paragraph 6 contains legal conclusions requiring no response. To the extent a response is required, Freedom denies the same.

1

**Facts Common To All Counts**

7.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 7 and, therefore, denies the same.

8.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 8 and, therefore, denies the same.

9.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 9 and, therefore, denies the same.

10.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 10 and, therefore, denies the same.

11.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 11 and, therefore, denies the same.

12.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 12 and, therefore, denies the same.

13.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 13 and, therefore, denies the same.

14.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 14 and, therefore, denies the same.

15.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 15 and, therefore, denies the same.

16.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 16 and, therefore, denies the same.

17.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 17 and, therefore, denies the same.

18.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 18 and, therefore, denies the same.

19.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 19, and, therefore, denies the same.

20.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 20 and, therefore, denies the same.

21.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 21 and, therefore, denies the same.

22.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 22 and, therefore, denies the same.

23.     Denied.

24.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 24 and, therefore, denies the same.

25.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 25 and, therefore, denies the same.

26.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 26 and, therefore, denies the same.

27.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 27 and, therefore, denies the same.

28.     Denied.

29.     Denied.

3

30.    Freedom is without sufficient information to admit or deny the allegations contained in paragraph 30 and, therefore, denies the same.

31.    Freedom is without sufficient information to admit or deny the allegations contained in paragraph 31 and, therefore, denies the same.

32.    Freedom is without sufficient information to admit or deny the allegations contained in paragraph 32 and, therefore, denies the same.

33.    Freedom is without sufficient information to admit or deny the allegations contained in paragraph 33 and, therefore, denies the same.

34.    Freedom is without sufficient information to admit or deny the allegations contained in paragraph 34 and, therefore, denies the same.

35.    Freedom is without sufficient information to admit or deny the allegations contained in paragraph 35 and, therefore, denies the same.

36.    Freedom is without sufficient information to admit or deny the allegations contained in paragraph 36 and, therefore, denies the same.

37.    Freedom is without sufficient information to admit or deny the allegations contained in paragraph 37 and, therefore, denies the same.

38.    Denied.

39.    Freedom is without sufficient information to admit or deny the allegations contained in paragraph 39 and, therefore, denies the same.

40.    Freedom is without sufficient information to admit or deny the allegations contained in paragraph 40 and, therefore, denies the same.

41.    Freedom is without sufficient information to admit or deny the allegations contained in paragraph 41 and, therefore, denies the same.

42.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 42 and, therefore, denies the same.

43.     Denied.

44.     Denied.

45.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 45 and, therefore, denies the same.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Freedom denies paragraph 49, and all allegations in subsections (a-g) of said paragraph.

<u>**COUNT I: NEGLIGENCE-GROSS-NEGLIGENCE-EXEMPLARY DAMAGES**</u>

50.     Freedom incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

51.     Denied.

52.     Defendant denies paragraph 52, and all allegations in subsections (a-l) of said paragraph.

53.     Denied.

54.     Defendant denies paragraph 54, and all allegations in subsections (a-b) of said paragraph.

<u>**COUNT II: BREACH OF CONTRACT AND WARRANTY**</u>

55.     Freedom incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

5

56.     Freedom is without sufficient information to admit or deny the allegations contained in paragraph 56 and, therefore, denies the same.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

### COUNT III: PREMISES LIABILITY (INVITEE)

61.     Freedom incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Freedom denies paragraph 68, and all allegations in subsections (a-b) of said paragraph.

### COUNT III (SECOND): *RES IPSA LOQUITOR*

69.     Freedom incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

70.     Denied.

71.     Denied.

72.     Denied.

6

73. Denied.

74. Denied.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DAMAGE

75. Freedom incorporates by reference its responses to all prior paragraphs of Plaintiff's Petition as though fully set forth herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Petition fails to state a claim upon which relief may be granted against Freedom.

2. Any damages Plaintiff claims to have suffered were caused, in whole or in part, by the fault of Plaintiff, therefore barring or reducing Plaintiff's recovery, in whole or in part.

3. Plaintiff's claims are barred, in whole or in part, by the open and obvious hazard doctrine.

4. Plaintiff's claims are barred, in whole or in part, by the assumption of the risk doctrine.

5. If Plaintiff sustained damages, which Freedom specifically denies, Plaintiff failed to mitigate his damages, therefore barring or reducing Plaintiff's recovery, in whole or in part.

6. If Plaintiff sustained damages, which Freedom specifically denies, the negligence or fault of others outside the control of Freedom caused or contributed to cause such injuries

and/or damages, and such negligence must be compared, reducing or completely barring Plaintiff's alleged right to recover from Freedom.

7.     In further answer and by way of affirmative defense, Defendant states that Plaintiff's claims seeking an award of punitive damages violate Defendant's constitutional rights as follows:

a.     The Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution are violated, because the jury or fact finder has total discretionary powers to award punitive damages, and adequate, objective legal standards do not exist to guide and limit the jury's or fact finders' discretion, thus allowing an award of punitive damages to be irrational, arbitrary and capricious, and based on vague, unpredictable, conflicting and purely subjective standards;

b.     The Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution are violated, because the vague and inconsistent legal standards for the imposition of punitive damages deprive Defendant of sufficient notice of the type of conduct and mental state upon which an award of punitive damages could result from Defendant's alleged misconduct;

c.     The Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution are violated, because the guidelines, standards, procedures and instructions for the imposition of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective and fundamentally unfair;

8

d.      The Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution are violated, because no objective limitations are established concerning the amount or severity of the punitive damages;

e.      The Fifth and Sixth Amendments of the United States Constitution are violated, because Defendant cannot exercise all of the constitutional and statutory rights which must be accorded to a party that is subject to the imposition of a criminal penalty in the form of punitive damages;

f.      The Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution are violated, because punitive damages discriminate against Defendant on the basis of wealth in that greater punitive damage awards for the identical conduct may be awarded against some defendants who have more economic wealth than other defendants;

g.      The First Amendment of the United States Constitution is violated, because the imposition of punitive damages on Defendant is based on vague, conflicting, uncertain and purely subjective standards, without adequate notice to Defendant, creating a chilling effect on speech and expression;

h.      The Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution are violated, because the imposition of punitive damages impairs Defendant's right of access to the courts to adjudicate civil disputes;

i.      The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because Missouri's post-verdict review procedures for scrutinizing punitive damage

verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment;

        j.     Missouri's procedural and substantive law on punitive damages conflicts with the procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306, 111 S. Ct. 1032 (1991), *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) and *State Farm Mutual Automobile Insurance Co., v. Campbell*, 123 S. Ct. 1513 (2003);

        k.     The procedural and substantive standards set forth in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1306, 111 S. Ct. 1032 (1991), *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) and *State Farm Mutual Automobile Insurance Co., v. Campbell*, 123 S. Ct. 1513 (2003) are violated because punitive damages can be awarded against Defendant that are disproportionate and have no reasonable relationship to the actual or compensatory damages award, the injury and expenses in connection with which they are awarded, Defendant's conduct, mental state or the degree of reprehensibility of Defendant's conduct and also permits an award of punitive damages that are disproportionate to the civil penalties, if any, authorized or imposed in similar case.

        8.     Freedom reserves the right to plead additional affirmative defenses as they become known and available prior to trial.

        WHEREFORE, having fully answered Plaintiff's Petition, Defendant Freedom prays it is dismissed with prejudice, at Plaintiff's cost, and further relief as the court deems just, proper, and equitable.

10

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ David R Buchanan
David R. Buchanan                    MO #29228
2345 Grand Boulevard, Suite 2100
Kansas City, MO 64108
Telephone: (816) 472-0800
Facsimile: (816) 421-1183
Email: dbuchanan@bjpc.com
**ATTORNEY FOR**
**HAWKEYE HOTELS, INC AND**
**FREEDOM LODGING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2020, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ David R Buchanan

24019070.1.mdt

11

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| Randy McMahan | ) | |
| | ) | |
| Plaintiff | ) | Case No. 2016-CV14354 |
| | ) | |
| v. | ) | |
| | ) | Division: 2 |
| Hawkeye Hotels, Inc. et al., | ) | |
| | ) | |
| Defendants | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that:

- Plaintiff's First Set of Interrogatories to Defendant Freedom Lodging, Inc;
- Plaintiff's First Set of Interrogatories to Defendant Hawkeye Hotels, Inc;
- Plaintiff's First Request for the Production of Documents to Defendant Freedom Lodging, Inc, and
- Plaintiff's First Request for the Production of Documents to Defendant Hawkeye Hotels, Inc;

Were served, in pdf., and Microsoft Word format, this 22nd day of September, 2020 by

electronic mail as follows:

Brown & James, P.C
David Buchanan, MO #29228
2345 Grand Boulevard, Ste. 2100
Kansas City, MO 64108
dbuchanan@bjpc.com

Respectfully Submitted,

KREAMER KINCAID TAYLOR
LIPSMAN ARNEY WAIT & BOTTARO,
L.C.

*/s/ David S. Lockett*
David S. Lockett, MO #58382
Patrick F. Bottaro, MO #35182
7450 W. 130th St, Suite 140
Overland Park, KS 66213
913-782-2350/Fax 913-782-2012
Dlockett@hrkklaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September, 2020, the foregoing was electronically filed using the Missouri e-filing system, which will send notice of electronic filing to all registered attorneys of records.

*/s/ David S. Lockett*
David S. Lockett, MO #58382

Electronically Filed - Jackson - Independence - November 05, 2020 - 12:14 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | |
|---|---|
| **RANDY MCMAHAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )    **Case No.   2016-CV14354** |
| | ) |
| **HAWKEYE HOTEL, INC** | ) |
| | ) |
| **and,** | ) |
| | ) |
| **FREEDOM LODGING, LLC** | ) |
| | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff, Randy McMahan, served:

- Plaintiff Randy McMahan's First Response to Defendants Freedom Lodging, LLC, and Hawkeye Hotel, Inc's, First Requests for Production to Plaintiff Randy McMahan; and

- Plaintiff Randy McMahan's First Response to Defendants Freedom Lodging, LLC, and

this 5th day of November, 2020, upon opposing counsel by electronic mail to Michael Lester and David Buchanan as follows:

David R. Buchanan:   dbuchanan@bjpc.com

Michael Lester:       mlester@bjpc.com

> KREAMER KINCAID TAYLOR LIPSMAN
> ARNEY WAIT & BOTTARO, L.C.
>
> /s/ *David S. Lockett*
> Patrick Bottaro, MO #35182
> David S. Lockett, MO #58382
> 7450 W. 130th Street, Suite 140
> Overland Park, KS 66213
> T: (913) 782-2350
> F: (913) 782-2012
> dlockett@hrkklaw.com
> **Attorneys for Plaintiff Randy McMahan**

1

**CERTIFICATE OF SERVICE**

I certify that at true and accurate copy of the above and foregoing was served via electronic mail in pdf format on this this 5th day of November, 2020 upon:

**BROWN AND JAMES, P.C.**
David R. Buchanan,    MO #29228
2345 Grand Boulevard, Ste. 2100
Kansas City, MO 64108
Ph:      816.472.0800
Fax:    816.421.1183
Email: dbuchanan@bjpc.com
Email: mlester@bjpc.com
**ATTORNEY FOR DEFENDANTS**


                              /s/ David S. Lockett

2

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

RANDY MCMAHAN,        )
                                   )

        **Plaintiff,**        )        **Case No. 2016-CV14354**

                                   )

v.                             )        **Division 2**

                                   )

                                 )

HAWKEYE HOTELS, INC., et al.,     )

                                 )

        **Defendants.**     )

```
                              FILED
                           DIVISION 2
                      06-Nov-2020   10:50
               CIRCUIT COURT OF JACKSON COUNTY, MO
          BY
```

## CIVIL CASE MANAGEMENT SCHEDULING ORDER

Now on October 26, 2020, this matter was called and before the Court. A completed and signed copy of this Order was hand-delivered, mailed, faxed and/or emailed to each party on the date set forth in the Certificate of Service below. The Court, being fully advised in the premises, does hereby enter the following Orders:

**IT IS HEREBY ORDERED** that this case is set for a pre-trial conference on **OCTOBER 12, 2021 at 3:00 p.m.**

**IT IS HEREBY ORDERED** that this case is set for jury trial on **OCTOBER 25, 2021**, commencing at 9:30 a.m. The parties estimate that the complete trial will last five (**5**) days.

**IT IS FURTHER ORDERED** and the parties are hereby advised and understand that **no continuances will be granted absent a showing of good cause and extraordinary circumstances, made known to the Court as soon as possible.** Failure to complete discovery consistent with this Scheduling Order will **not** be a basis for continuing the trial date.

[☒ - *check if applicable*]    **IT IS FURTHER ORDERED**, with the Court having now established a trial date for this case, that pursuant to the parties' request and representation that they have agreed to prepare a stipulated case management scheduling order, said order shall be prepared, signed by all attorneys of record, and submitted to the Court for signature within **fifteen (15) days** of the date of this Order. In the event such Order is not so prepared and submitted, the Court shall enter its own scheduling order. The parties are hereby advised that even if they create and establish their own scheduling order pursuant hereto, the terms hereinafter set forth regarding the scheduling and procedure for a pre-trial conference **shall** apply.

Division 2 Civil Case Management Order

**IT IS FURTHER ORDERED** that the parties shall comply with the following schedule [*the dates in this section will be left blank only if the parties have stipulated and agreed to submit their own scheduling order*]:

1. Any and all requests to amend pleadings and/or add parties shall be filed no later than **December 31, 2021**.

2. Plaintiffs shall disclose and designate all experts on or before **January 15, 2021**.

3. Upon request, Plaintiffs shall produce all 56.01(b)(4) retained experts for deposition no later than **March 1, 2021**.

4. Defendant shall disclose and designate all experts on or before **April 12, 2021**.

5. Upon request, Defendant shall produce all 56.01(b)(4) retained experts for deposition no later than **May 25, 2021**.

6. All discovery shall be *completed* and shall close (i.e. all depositions taken and responses completed to timely propounded discovery requests) on or before **June 25, 2021**. Discovery includes, but is not limited to, interrogatories, requests for production of documents, depositions, and requests for admissions. Completion of discovery contemplates and includes timely responses to discovery requests. Discovery may not be conducted after the closure date except by agreement of the parties or a prior order of the Court for good cause shown upon the filing of a timely motion to extend discovery filed *before* the original closure date. *An agreement of the parties to conduct discovery after the closure day shall **not** constitute grounds for continuance of the trial. The failure of the parties to timely complete discovery shall **not** constitute grounds for continuance of the trial.* Nothing contained herein shall excuse a party from the continuing obligation to update responses to discovery or to respond to discovery requests made before the closure date set forth above.

7. Any and all dispositive motions shall be filed on or before **July 23, 2021**. Any dispositive motion filed after said date will be considered together with the trial of the case.

8. The parties are ordered to participate in mediation, which mediation shall take place on or before **June 25, 2021**. The parties shall agree upon a mediator no later than thirty (30) days before the deadline for mediation as set forth above. If the parties are unable to agree upon a mediator by said date, they shall notify the Court and

the Court shall appoint a mediator. The attorneys who will actually try this case shall attend the mediation. Each party shall personally appear at the mediation and actively participate in the process. A representative of/from each party with settlement authority shall attend the mediation. Each party shall pay, directly to the mediator, their respective pro-rata cost of the mediation.

**IT IS FURTHER ORDERED** that the parties shall comply with the following procedures pertaining to a pre-trial conference and other related pre-trial procedures – the terms of this section shall apply in **all** cases, even in those cases where the parties have stipulated and agreed to the creation of their own scheduling order:

1. The pre-trial conference will be held *approximately* two weeks before trial. Counsel who will actually try the case *must* attend the pre-trial conference. Individual parties must be available by telephone to discuss the case, including settlement of the case. If a party is not an individual, an authorized representative thereof who is capable of discussing the case and/or authorized to make settlement decisions must be available by telephone.

2. No later than one week before the date of the pre-trial conference with the Court, counsel shall meet with each other for an informal pre-trial conference, at which time they shall:
   A. Discuss and thoroughly exhaust all settlement possibilities;
   B. Enter into all possible stipulations of fact;
   C. Pre-mark exhibits and exchange exhibit lists;
      - Plaintiff shall use **numbers** and Defendant shall use **letters**;
   D. Exchange exhibits and stipulate, whenever possible, as to waiver of foundation and identification of exhibits; and
   E. Identify and discuss their respective deposition designations and interrogatory designations, discuss any objections thereto, and resolve, whenever possible, any objections regarding such designations.

3. No later than **fourteen (14) days** before the pre-trial conference, counsel **shall** provide to the Court and/or file with the Court all Motions in Limine, deposition designations and interrogatory designations. Any party opposing same **shall** provide to the Court and/or file with the Court, their opposition/objections thereto, no later than **seven (7) days** before the pre-trial conference. Courtesy copies of any such pleadings filed with the Court **shall** be provided to Division 2 (such courtesy

copies shall be marked as "courtesy copies" and shall reflect the file stamp date of the original).   Courtesy copies **shall** be emailed to Div2.cir16@courts.mo.gov. **Any Motions in Limine, deposition designations, interrogatory designations, and/or opposition/objections thereto, which are not timely filed and provided to the Court as set forth above, will not be considered by the Court.**

4.   No later than **seven (7) days** before the pre-trial conference, counsel **shall** provide the Court with an electronic copy of "clean" and "dirty" proposed jury instructions (prepared in accordance with Missouri Rule of Civil Procedure 70), by e-mailing said proposed instructions to Div2.cir16@courts.mo.gov in Word (.doc) format.

5.   The parties **shall** file and exchange witness and exhibit lists and all exhibits they anticipate offering **seven (7) days** prior to the pre-trial conference.

6.   At the pre-trial conference, counsel and the Court will discuss the following subjects, plus any others deemed appropriate:

    A.   Status of settlement negotiations and examine the possibility of settlement;

    B.   Length of trial;

    C.   Number of prospective jurors to be requested, number of alternate jurors to be seated, juror note taking, and juror questions;

    D.   Invoking the rule;

    E.   Special or unusual proposed voir dire questions (such as insurance);

    F.   Legal, procedural, and evidentiary issues;

    G.   Motions in Limine and opposition thereto, provided they have been timely filed and provided to the Court as set forth in paragraph 4 above.  The Court will rule thereon;

    H.   Proposed jury instructions.   In addition to the electronic copies of instructions provided according to paragraph 4 above, the parties **shall** provide the Court and opposing counsel with an original and one hard copy of the proposed jury instructions – i.e. one "clean" copy and one "dirty" copy (prepared in accordance with Missouri Rule of Civil Procedure 70). Counsel shall be prepared to fully discuss the instructions at the pre-trial conference.

    I.   Deposition designations, reasons for reading portions of depositions (instead of live testimony), foundations for same, including possible waiver thereof or agreement thereon, and objections to reading certain portions of depositions, provided they have been timely filed and/or provided to the Court as set forth in paragraph 4 above.  The Court will rule thereon;

    J.   Designation of any answers to interrogatories or responses to request for admissions which any party proposes to read at trial, and any objections to reading same, provided they have been timely filed and/or provided to the Court as set forth in paragraph 4 above.  The Court will rule thereon;

    K.   Any stipulations of fact and stipulations as to exhibits; and

L.     Provide and/or file with the Court, an original and one copy of any trial briefs, exhibit lists, and witness lists, and provide copies of same to opposing counsel.

7.     In the event no pre-trial matters are filed prior to the pre-trial conference, the Court will cancel the pre-trial conference and order the requisite number of jurors. Any matters filed after the pre-trial deadlines shall be taken with the trial.

**IT IS FURTHER ORDERED** that all proposed orders and proposed judgments **shall** be emailed to the Court at <u>Div2.cir16@courts.mo.gov</u> in **Word format <u>only</u>** and shall not be e-filed. All stipulated orders or consent judgments **shall** be emailed to the Court at <u>Div2.cir16@courts.mo.gov</u> in any format and **<u>shall not be e-filed</u>**.

**IT IS FURTHER ORDERED** that the dates herein set forth shall be changed only by leave of Court.

**IT IS FURTHER ORDERED** that the parties and their attorneys are required to comply with the directives and requirements set forth in the document entitled "Policies, Procedures and Courtroom Decorum" as posted on the Division 2 website.

    **IT IS SO ORDERED.**

_____
November 06, 2020
**Date**

_Kenneth R. Garrett III_

**KENNETH R. GARRETT, III, Judge Division 2**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that copies of the above and foregoing was hand delivered, emailed, mailed, and/or faxed on this day to the parties/attorneys who appeared in court as identified in this Order and to other parties/attorneys who are involved in this case but did not appear in court.

_____
Law Clerk, Division 2

Division 2 Civil Case Management Order

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| **RANDY MCMAHAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2016-CV14354** |
| | ) | |
| **v.** | ) | **Division 2** |
| | ) | |
| | ) | |
| **HAWKEYE HOTELS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**</u>

COME NOW Plaintiff Randy McMahan and Defendants Hawkeye Hotels, Inc. and Freedom Lodging, LLC, by and through their attorneys of record, and hereby request the Court enter the proposed Stipulated Protective Order, attached to this Motion as Exhibit A, to ensure and maintain confidentiality of commercial, proprietary, personal, trade, financial, client-based, and other documents and information which may be produced by the parties in response to discovery requests and in the proceedings generally. The parties have reviewed and approved the proposed Stipulated Protective Order and agree that it is necessary to safeguard their respective interests in maintaining the private and confidential nature of this information.

WHEREFORE, Plaintiff and Defendants request that the Court enter the proposed Protective Order.

Respectfully submitted,

**KREAMER, KINCAID, TAYLOR, LIPSMAN, ANRNEY, WAIT, & BOTTARO, LC**

*/s/David S. Lockett*_____
David S. Lockett, MO 58382
Patrick F. Bottaro, MO 35182
7450 W. 130th St., Suite 140
Overland Park, KS 66213
Telephone: (913) 782-2350
Facsimile: (913)782-2012
Email: dlockett@hrkklaw.com

and

**BROWN & JAMES, P.C.**

*/s/ David R. Buchanan*_____
David R. Buchanan        MO #29228
2345 Grand Boulevard, Suite 2100
Kansas City, MO 64108
Telephone: (816) 472-0800
Facsimile: (816) 421-1183
Email: dbuchanan@bjpc.com
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2020, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

*/s/David R. Buchanan*_____

2

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| RANDY MCMAHAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2016-CV14354** |
| | ) | |
| **v.** | ) | **Division 2** |
| | ) | |
| | ) | |
| HAWKEYE HOTELS, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to an agreement between Plaintiff and Defendants, the Court orders the entry of a Protective Order, in accordance with Rule 56.01(c) of the Missouri Rules of Civil Procedure and the terms and conditions set forth below concerning discovery to be taken in the above-styled litigation:

1. The following definitions shall apply to this Order:

   a. "Confidential Information" shall mean and refer to any information or documents:

      i. Which are produced or disclosed in response to discovery requests and proceedings in this action, whether or not by a party hereto; and

      ii. Which are specifically designated "Confidential" at the time of their production or disclosure. "Confidential Information" shall include portions of transcribed deposition testimony to the extent that such testimony is designated confidential on the record at the time it is given, or within ten (10) days of counsel for the witness under deposition receiving a transcript of the deposition. During the ten (10) day period, counsel for the parties shall treat the entire transcript as if it has been designated "Confidential."

*EXHIBIT A*

b.  "Qualified Person(s)" shall mean and refer to:

    i.  The Court in this action or in any appeals therefrom, and court personnel, including the Clerk of the Court, the court reporters and other persons involved in recording deposition or trial testimony or handling pleadings and evidence during the litigation of this action;

    ii.  The parties in this case;

    iii.  Employees of parties;

    iv.  Counsel of record for the parties to this Order, including all partners, counsel, and associate attorneys of said counsels' law firm and all paralegal assistants, stenographic and clerical employees thereof when operating under the direct supervision of such attorneys, and all attorneys, paralegal assistants, stenographic and clerical employees in the in-house legal department of any parties to this case;

    v.  Any person subpoenaed or called as a witness as a deposition or hearing in this action, if the Confidential Information to be disclosed to that person shows on its face that the person authored the Confidential Information or previously received a copy of the Confidential Information;

    vi.  Actual or potential expert witnesses of the parties to this Order who are retained by counsel of record for the parties solely for the purpose of assisting in the preparation for trial of this action; provided, however, that said counsel of record first obtain a statement in writing by such proposed expert or consultant in the following form: "I hereby acknowledge that I am familiar with the terms of the Order relating to Confidential Information

entered into by the parties in the action numbered Case No. 2016-CV14354 in the Circuit Court of Jackson County, Missouri and agree to comply with the terms of that Order." The written statement shall be provided to opposing counsel following the conclusion of this litigation.

2. No Confidential Information shall be used by any of the parties to this Order, or any counsel, expert, or consultant of the parties to this Order, or any other person or entity, for any purpose other than the prosecution or defense of this litigation.

3. The substance or content of Confidential Information shall not be disclosed by the parties to this Order to anyone other than Qualified Persons pursuant to the terms of this Order, except that nothing in this Order shall be construed to prevent the producing party from disclosing its own documents to its employees, officers, directors, or members. No Qualified Persons receiving Confidential Information under the terms of this Order shall give, disclose, communicate, or otherwise make available the same to any other person not permitted by this Order to receive it. Confidential Information shall be maintained and preserved in a manner that will ensure that its confidential status will be protected.

4. If any party determines to file with or submit to the Court any Confidential Information, such Confidential information, and that portion of any pleading or filing containing any Confidential Information, shall be filed under seal, and leave shall be requested from the Court to keep the contents of the Confidential Information sealed and unavailable to the public. All Confidential Information filed this way shall be released only upon further order of the Court or agreement of the parties.

5. If any party or counsel of record to this Order objects to a designation of information as "Confidential," he/she may at any time notify counsel for the party who produced the

Electronically Filed - Jackson - Independence - November 09, 2020 - 04:09 PM

purported Confidential Information that the propriety of the designation of the information as "Confidential" is disputed and request that the "Confidential" designation be canceled. The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection and the intended use of the material. The request shall be deemed granted at the end of the tenth (10th) business day after receipt of the request, unless the producing party, prior to the end of such ten (10) business day period, sends by electronic mail, facsimile, or commercial messenger service a written denial of the request. If such request is denied in whole or in part, the requesting party may file a motion with the Court to have the "Confidential" designation removed as to the discovery responses listed in the request. The burden of establishing that the responses should not be afforded the protection of the Protective Order shall be on the moving party.

6. Inadvertent production of any document subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine will not waive any claim of privilege with respect to that document or any other documents or information withheld on such grounds. Such inadvertently produced documents and all copies thereof shall be returned to the producing party upon request. No use may be made of such documents subsequent to the request to return them. Nothing in this Protective Order shall limit the receiving party from requesting that the Court order the production of any such inadvertently produced documents.

7. Nothing in this Protective Order shall operate to require the production of information and/or documents that are privileged or otherwise protected from discovery.

8.  The terms and conditions of this Protective Order will continue in full force and effect following the final determination of this action, whether by final judgment, settlement, or otherwise.

9.  A separate order will govern the treatment and status of all Confidential Information at trial.

10. Nothing herein shall prevent any party from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper. Moreover, nothing herein shall be deemed to constitute a waiver or admission by any party or counsel for any party that any specific document, material, testimony, or thing is or is not admissible in evidence at the time of trial.

11. Nothing in this Order shall prevent or prohibit any party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this litigation.

12. After the entry of final judgment in this case, counsel for Plaintiffs agree to secure the return of any and all Confidential Information supplied to qualified persons and to keep all such documents under seal, marked "confidential/subject to protective order" and 6 years from now, destroy them safely.

SO ORDERED

Dated: _____, 2020.        _____
                                                JUDGE

Approved as to form by:

**KREAMER, KINCAID, TAYLOR, LIPSMAN,**
  **ANRNEY, WAIT, & BOTTARO, LC**

*/s/David S. Lockett*_____
David S. Lockett, MO 58382
Patrick F. Bottaro, MO 35182
7450 W. 130th St., Suite 140
Overland Park, KS 66213
Telephone: (913) 782-2350
Facsimile: (913)782-2012
Email: dlockett@hrkklaw.com

**ATTORNEY FOR PLAINTIFF**

and

**BROWN & JAMES, P.C.**

/s/ David R. Buchanan_____
David R. Buchanan MO #29228
2345 Grand Boulevard, Suite 2100
Kansas City, MO 64108
Telephone: (816) 472-0800
Facsimile: (816) 421-1183
Email: dbuchanan@bjpc.com
**ATTORNEY FOR DEFENDANTS**

FILED
DIVISION 2
10-Nov-2020  16:34
CIRCUIT COURT OF JACKSON COUNTY, MO
BY _Kenneth R. Garrett III_ DCA

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| **RANDY MCMAHAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2016-CV14354** |
| | ) | |
| **v.** | ) | **Division 2** |
| | ) | |
| | ) | |
| **HAWKEYE HOTELS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to an agreement between Plaintiff and Defendants, the Court orders the entry of a Protective Order, in accordance with Rule 56.01(c) of the Missouri Rules of Civil Procedure and the terms and conditions set forth below concerning discovery to be taken in the above-styled litigation:

1. The following definitions shall apply to this Order:

   a. "Confidential Information" shall mean and refer to any information or documents:

      i. Which are produced or disclosed in response to discovery requests and proceedings in this action, whether or not by a party hereto; and

      ii. Which are specifically designated "Confidential" at the time of their production or disclosure. "Confidential Information" shall include portions of transcribed deposition testimony to the extent that such testimony is designated confidential on the record at the time it is given, or within ten (10) days of counsel for the witness under deposition receiving a transcript of the deposition. During the ten (10) day period, counsel for the parties shall treat the entire transcript as if it has been designated "Confidential."

**EXHIBIT A**

b. "Qualified Person(s)" shall mean and refer to:

    i. The Court in this action or in any appeals therefrom, and court personnel, including the Clerk of the Court, the court reporters and other persons involved in recording deposition or trial testimony or handling pleadings and evidence during the litigation of this action;

    ii. The parties in this case;

    iii. Employees of parties;

    iv. Counsel of record for the parties to this Order, including all partners, counsel, and associate attorneys of said counsels' law firm and all paralegal assistants, stenographic and clerical employees thereof when operating under the direct supervision of such attorneys, and all attorneys, paralegal assistants, stenographic and clerical employees in the in-house legal department of any parties to this case;

    v. Any person subpoenaed or called as a witness as a deposition or hearing in this action, if the Confidential Information to be disclosed to that person shows on its face that the person authored the Confidential Information or previously received a copy of the Confidential Information;

    vi. Actual or potential expert witnesses of the parties to this Order who are retained by counsel of record for the parties solely for the purpose of assisting in the preparation for trial of this action; provided, however, that said counsel of record first obtain a statement in writing by such proposed expert or consultant in the following form: "I hereby acknowledge that I am familiar with the terms of the Order relating to Confidential Information

entered into by the parties in the action numbered Case No. 2016-CV14354 in the Circuit Court of Jackson County, Missouri and agree to comply with the terms of that Order." The written statement shall be provided to opposing counsel following the conclusion of this litigation.

2. No Confidential Information shall be used by any of the parties to this Order, or any counsel, expert, or consultant of the parties to this Order, or any other person or entity, for any purpose other than the prosecution or defense of this litigation.

3. The substance or content of Confidential Information shall not be disclosed by the parties to this Order to anyone other than Qualified Persons pursuant to the terms of this Order, except that nothing in this Order shall be construed to prevent the producing party from disclosing its own documents to its employees, officers, directors, or members. No Qualified Persons receiving Confidential Information under the terms of this Order shall give, disclose, communicate, or otherwise make available the same to any other person not permitted by this Order to receive it. Confidential Information shall be maintained and preserved in a manner that will ensure that its confidential status will be protected.

4. If any party determines to file with or submit to the Court any Confidential Information, such Confidential information, and that portion of any pleading or filing containing any Confidential Information, shall be filed under seal, and leave shall be requested from the Court to keep the contents of the Confidential Information sealed and unavailable to the public. All Confidential Information filed this way shall be released only upon further order of the Court or agreement of the parties.

5. If any party or counsel of record to this Order objects to a designation of information as "Confidential," he/she may at any time notify counsel for the party who produced the

purported Confidential Information that the propriety of the designation of the information as "Confidential" is disputed and request that the "Confidential" designation be canceled. The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection and the intended use of the material. The request shall be deemed granted at the end of the tenth (10th) business day after receipt of the request, unless the producing party, prior to the end of such ten (10) business day period, sends by electronic mail, facsimile, or commercial messenger service a written denial of the request. If such request is denied in whole or in part, the requesting party may file a motion with the Court to have the "Confidential" designation removed as to the discovery responses listed in the request. The burden of establishing that the responses should not be afforded the protection of the Protective Order shall be on the moving party.

6. Inadvertent production of any document subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine will not waive any claim of privilege with respect to that document or any other documents or information withheld on such grounds. Such inadvertently produced documents and all copies thereof shall be returned to the producing party upon request. No use may be made of such documents subsequent to the request to return them. Nothing in this Protective Order shall limit the receiving party from requesting that the Court order the production of any such inadvertently produced documents.

7. Nothing in this Protective Order shall operate to require the production of information and/or documents that are privileged or otherwise protected from discovery.

8. The terms and conditions of this Protective Order will continue in full force and effect following the final determination of this action, whether by final judgment, settlement, or otherwise.

9. A separate order will govern the treatment and status of all Confidential Information at trial.

10. Nothing herein shall prevent any party from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper. Moreover, nothing herein shall be deemed to constitute a waiver or admission by any party or counsel for any party that any specific document, material, testimony, or thing is or is not admissible in evidence at the time of trial.

11. Nothing in this Order shall prevent or prohibit any party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this litigation.

12. After the entry of final judgment in this case, counsel for Plaintiffs agree to secure the return of any and all Confidential Information supplied to qualified persons and to keep all such documents under seal, marked "confidential/subject to protective order" and 6 years from now, destroy them safely.

SO ORDERED

Dated: _____10-Nov-2020_____, 2020.     _Kenneth R. Garrett III_

JUDGE

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| **RANDY MCMAHAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2016-CV14354** |
| | ) | |
| **v.** | ) | **Division 2** |
| | ) | |
| | ) | |
| **HAWKEYE HOTELS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendants' Answers and Objections to Plaintiff's First Interrogatories and Responses and Objections to Plaintiff's First Requests for Production of Documents were served on this 12th day of November, 2020 via electronic mail to:

David S. Lockett
Patrick F. Bottaro
Kreamer Kincaid Taylor
Lipsman Arney Wait & Bottaro, L.C.
dlockett@hrkklaw.com
**ATTORNEYS FOR PLAINTIFF**

**BROWN & JAMES, P.C.**

/s/ David R. Buchanan
David R. Buchanan                    MO #29228
2345 Grand Boulevard, Suite 2100
Kansas City, MO 64108
Telephone: (816) 472-0800
Facsimile: (816) 421-1183
Email: dbuchanan@bjpc.com
**ATTORNEY FOR DEFENDANTS**

1

Electronically Filed - Jackson - Independence - November 12, 2020 - 04:46 PM

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 12th day of November, 2020 the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record.  I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

          /s/ David R. Buchanan